IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TERESA AUSTIN PITTS, Individually,
and as Mother and Next Friend of
JESSICA PIERCE, a Minor                                              PLAINTIFFS

vs.                                   CIVIL ACTION NO.: 2:09-cv-00158-KS-MTP

FORD MOTOR COMPANY, U-HAUL CO.
OF MISSISSIPPI, WOMACK AUTO SALES, INC.,
BUDDY'S ALIGNMENT SERVICE, and JOHN DOES 1-4         DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss Pursuant to Rule 12(b)(6) filed on behalf of U-Haul Co. of Mississippi (hereinafter "U-Haul") and Buddy's Alignment Services (hereinafter "Buddy's"). The court, having reviewed the motions, the responses, the authorities cited, the briefs of counsel and the pleadings and exhibits on file and being otherwise fully advised in the premises finds as follows;

## I. BACKGROUND

On or about March 16, 2006, Teresa Pitts and her daughter Jessica Pierce, both residents of Mississippi, had an accident in a 1996 Ford Explorer driven by Pitts. Compl. ¶¶ 1-2, 10 [Doc. #1-2]. Pitts alleges that the vehicle went "out of human control and rolled over." Compl. ¶ 10. Pitts and her passenger Pierce sustained severe injuries as a result of the accident. Compl ¶ 10.

At the time of the roll-over incident, Pitts was towing an empty U-haul trailer behind the Explorer. Def.'s Mot. to Dismiss at 4 [Doc. # 4](August 23, 2009). Buddy's had rented this trailer to Michael Pitts, Teresa Pitts's then-fiancé, to tow behind his F-150 pick-up truck. *Id.*

1

Plaintiffs filed their complaint in the Circuit Court of Forrest County alleging that the accident occurred "due to the Explorer's defective design and Defendants' negligence, misrepresentation, and wrongful conduct." Compl. ¶ 10. Specifically, Plaintiffs allege that U-Haul "negligently failed to warn intended users of the Ford Explorer such as the Plaintiff Teresa Austin Pitts, of the dangers associated with towing U-Haul equipment." Compl. ¶ 28. Plaintiffs allege that U-Haul knew or should have known that Explorers have a propensity to roll over, and failed to warn of the "dangerous propensity of combining U-Haul equipment with Explorer vehicles." Compl ¶ 29. Plaintiffs argue that it was foreseeable that the U-Haul equipment would be used with the Explorer vehicles. Compl. ¶¶ 31-32. Plaintiffs do not allege that the U-Haul equipment itself was defective or dangerous in any way.

On August 12, 2009, Ford Motor Company removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 based on diversity jurisdiction under 28 U.S.C. § 1332. Ford urges the Court to disregard the Mississippi citizenships of Defendants Womack, U-Haul, and Buddy's because they have been improperly joined. Notice of Removal ¶¶ 9-13. Womack, U-Haul, and Buddy's did not join in the removal. Plaintiff has not filed a motion to remand.

On September 23, 2009, U-Haul and Buddy's filed their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). [Doc. #4]. These two defendants contend that the Plaintiffs have failed to meet their pleading obligations or show that these defendants owed a duty to the Plaintiffs, and that Mississippi law precludes recovery against parties that were not actively negligent in the design and manufacture of the Explorer. In support of their motion, U-Haul and Buddy's attached several exhibits, including Plaintiffs' answers to interrogatories, the rental agreement for the trailer, and the Mississippi Uniform Crash Report. Because the Court was presented with

information beyond the pleadings, the Motion was treated as one for summary judgment and the Court in its Order dated October 19, 2009, allowed Pitts additional time to respond to the motion in order to avoid an unfair result or surprise. Pitts did not respond following this Order.

## II. STANDARD OF REVIEW

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). 28 U.S.C. § 1332 confers federal diversity jurisdiction over civil actions where the matter in controversy exceeds $ 75,000.00 and the civil action is between citizens of different states. "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing cases).

Generally, all Defendants to an action must consent to the removal. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). However, a removing party does not need the consent of parties they claim have been fraudulently joined. *Id.*

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981). The removing party must show either that there is no reasonable "possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Id.* at 549 (citing *Keating v. Shell Chemical Co.*, 610 F.2d 328 (5th Cir. 1980); *Tedder v. F.M.C. Corp. et al,* 590 F.2d 115 (5th Cir. 1979); *Bobby Jones Garden Apts. v. Suleski*, 391 F.2d 172 (5th Cir. 1968); *Parks v. New York Times Co.*, 308 F.2d 474 (5th Cir. 1962)(cert. denied, 376 U.S. 949, 84 S. Ct. 964, 11

L. Ed. 2d 969 (1964))).

This court must refer to the allegations made in the original pleading to determine whether the plaintiff can make out a viable claim against the non-diverse defendant. See *Tedder v. F.M.C. Corp.*, 590 F.2d at 116; *Gray v. U. S. Fidelity and Guaranty Co.*, 646 F. Supp. 27, 29 (S.D. Miss. 1986). Those allegations must be construed most favorably to the plaintiff as the party opposing removal, resolving all contested issues of fact and ambiguities in the law in favor of the plaintiff. *B. Inc.*, 663 F.2d at 549. See also *Bobby Jones Garden Apts.*, 391 F.2d at 177; *Carrier v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

The United States Supreme Court has recently clarified the plaintiff's initial pleading burden under Rule 8(a) to sufficiently state a claim and survive a Rule 12(b)(6) motion. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* The Court further stated:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.*, at 557, 127 S.Ct. 1955.

*Id.*

When considering whether a non-diverse defendant has been fraudulently joined to defeat

4

diversity of citizenship jurisdiction, courts may "pierce the pleadings" and consider "summary judgment-type" evidence such as affidavits and deposition testimony. See *Cavallini v. State Farms Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995). Conclusory or generic allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that a defendant was not fraudulently joined. See *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 392-93 (5th Cir. 2000); *Peters v. Metropolitan Life Ins. Co.*, 164 F.Supp.2d 830, 834 (S.D. Miss. 2001). Removal is proper if the plaintiff's pleading is pierced, and it is shown that as a matter of law there is no reasonable basis for predicting that the plaintiff might establish liability on that claim. See *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Badon*, 224 F.3d at 390. "We do not, . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *Badon,* 224 F.3d at 394 (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

Regarding piercing the pleadings in an improper joinder case, the Fifth Circuit has held that

> A court may resolve the issue in one of two ways. The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant. Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder. That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)(en banc)(internal footnotes omitted)(cert. den. 125 S.Ct. 1825, 73 USLW 3372 , 73 USLW 3612 , 73 USLW 3621 (U.S. Apr 18, 2005) (NO. 04-831)). However, the Fifth Circuit went on to caution,

> While the decision regarding the procedure necessary in a given case must lie within the

> discretion of the trial court, we caution that a summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant. In this inquiry the motive or purpose of the joinder of in-state defendants is not relevant. We emphasize that any piercing of the pleadings should not entail substantial hearings. Discovery by the parties should not be allowed except on a tight judicial tether, sharply tailored to the question at hand, and only after a showing of its necessity. Attempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits, as distinguished from an analysis of the court's diversity jurisdiction by a simple and quick exposure of the chances of the claim against the in-state defendant alleged to be improperly joined. Indeed, the inability to make the requisite decision in a summary manner itself points to an inability of the removing party to carry its burden.

*Id.* at 573-74 (internal footnotes omitted).

## III. APPLICATION AND ANALYSIS

Because Defendants U-Haul and Buddy's Alignment Service have demonstrated that Plaintiffs have no reasonable basis for recovery against them, they have been improperly joined and should be dismissed from the suit. Pitts's complaint alleges that U-Haul and Buddy's should have known that Ford Explorers have a propensity to roll over, and that U-Haul and Buddy's should have warned Pitts that it was unsafe to use a U-Haul trailer with a Ford Explorer. Throughout the Complaint, Pitts contends that the Explorer was unreasonably dangerous, but does not contend that the U-Haul trailer was dangerous. Instead, Plaintiff argues that U-Haul and its retail dealer, Buddy's, should have known that the Explorer had a propensity to roll over and should have warned Explorer drivers of this propensity when renting the trailer, but instead fraudulently concealed this information. Compl. at ¶¶ 28-32. Mississippi law requires that "the danger presented by the product's design be foreseeable." See *Williams v. Bennett*, 921 So.2d 1269, 1274 (Miss. 2006). Along with its Motion to Dismiss, Defendants Buddy's and U-Haul presented evidence that it was not foreseeable that the trailer would be pulled by Pitts with an

Explorer because the trailer at issue was rented to Pitts's fiancé for use behind a Ford F-150. Pitts has not presented any evidence to support her allegations that Defendants Buddy's and U-Haul had a duty to warn her of the Explorer's dangerous propensity.[1]

Defendants also argue that they should be immune from any products liability suit because of the policy underlying Mississippi's innocent seller doctrine which immunizes parties that are not directly responsible for the design and manufacture of the product. See MISS. CODE ANN. § 11-1-63(h) ("It is the intent of this section to immunize innocent sellers who are not actively negligent, but instead are mere conduits of a product."). Here, U-Haul and Buddy's are one step removed from an innocent seller of a defective product. They merely provided a non-defective product (the trailer) that was unknowingly used with an allegedly defective product (the Explorer). In sum, there is no reasonable basis to predict that Plaintiffs can establish liability of either U-Haul Co. of Mississippi or Buddy's Alignment Service and these parties should be dismissed as they have been fraudulently joined.

Because Plaintiffs have no reasonable basis for recovery against Womack Auto Sales, it also has been improperly joined and should be dismissed from the suit. Plaintiffs do not allege how Womack, a Mississippi corporation, is involved in this claim. Pitts does not allege, much less provide evidence, that Womack sold the vehicle. Thus, Pitts's claims against Womack could not survive a Rule 12(b)(6) motion because it fails to meet the pleading standard

---

[1] Plaintiff does not allege that Buddy's rented the trailer to her or her fiancé, but only states that Buddy's is "an authorized retail dealer of and for U-Haul" and that it was an "agent" or "servant" of U-Haul and was acting within the scope of the agency. See Compl. ¶¶ 5, 22. Only through their own discovery did the Defendants find that a U-Haul trailer was rented by Pitts's fiancé from Buddy's for use behind n F-150 and that this trailer was attached to Pitts's Explorer when it rolled over.

established by the United States Supreme Court in *Iqbal*. Even if this were the relationship between Womack and Pitts's claims, the claims would be barred by Mississippi's innocent seller statute as discussed above. Because Pitts has failed to demonstrate any basis at all for recovery against Womack, it has been improperly joined and should be dismissed from the present suit.

This Court has diversity jurisdiction over this matter because the only Defendant properly subject to suit is Ford Motor Company, a Delaware corporation with its principal place of business in Michigan, and Plaintiffs are citizens of Mississippi. Therefore, complete diversity exists. Although Pitts has not alleged a specific amount, her complaint seeks compensation for severe injuries, physical and mental pain, loss of earnings and earning capacity, loss of enjoyment, and punitive damages. When a petition does not include a specific monetary demand, the removing party must prove the jurisdictional limit has been met by a preponderance of the evidence. See *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "This requirement is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Id.* Because the Plaintiff is seeking punitive damages in addition to compensation for her and her daughter's severe injuries it is "facially apparent" that the Plaintiff is seeking an amount greater than $75,000. See *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, (5th Cir. 1995) ("[W]here the district court is making the "facially apparent" determination, the proper procedure is to look only at the face of the complaint and ask whether the amount in controversy was likely to exceed

[the jurisdictional limit].").[2]  Because complete diversity exists and the claim is for an amount in excess of $75,000.00, jurisdiction over Ford Motor Company is proper under 28 U.S.C. § 1332.

## IV. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Ford Motor Company's removal of this action was proper.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants U-Haul Co. of Mississippi, Buddy's Alignment Service, and Womack Auto Sales, Inc., were improperly joined and are hereby dismissed from this case with prejudice.

SO ORDERED AND ADJUDGED this 16th day of November, 2009.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[2]The Court also notes that the Plaintiff has not moved for remand or contested Ford's assertion in its Notice of Removal that it is apparent from the face of the complaint that Plaintiff seeks an amount in excess of $75,000.00.